UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| YAHQUB BELLO,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:19-CV-017-BLW<br>1:16-CR-238-BLW<br><br>MEMORANDUM DECISION AND ORDER AND DENIAL OF CERTIFICATE OF APPEALABILITY |

## INTRODUCTION

Pending before the Court is Petitioner Yahqub Bello's motion under 28 U.S.C. § 2255 to set aside or correct his sentence, and the Government's motion to dismiss. The motions are fully briefed and at issue. For the following reasons, the Court will grant the Government's motion to dismiss and deny Bello's motion to correct or set aside the sentence.

## BACKGROUND

Bello pled guilty to bank fraud and was sentenced on November 27, 2017, to 15 months imprisonment, 3 years of supervised release, and $60,401 in restitution to be paid jointly and severally with his co-defendant. *See Minute Entry (Dkt. No. 71).* The Judgment was filed the same day, November 27, 2017. *See Judgment (Dkt. No. 72).*

Bello had 14 days to appeal his sentence, and thus should have filed his notice of appeal on or before December 12, 2017. *See* Fed.R.App.P. 4(b)(1)(A)(i). But he waited

almost ten months to file his appeal, and the Ninth Circuit dismissed it as untimely. Bello responded by filing the motion under § 2255 that the Court is now considering. Bello filed his § 2255 motion on January 14, 2019, more than thirteen months after this Court filed the Judgment of Conviction.

## LEGAL STANDARD

Under 28 U.S.C. § 2255(f)(1) and (f)(4), a petitioner must bring a § 2255 motion within one year from the latest of "the date on which the judgment of conviction becomes final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Where a movant does not appeal, the conviction becomes final at the expiration of the time for filing a direct appeal pursuant to Rule 4 of the Federal Rules of Appellate Procedure. *U.S. v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015). Rule 4 requires that defendant in a criminal case file a notice of appeal within fourteen (14) days of entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i).

When the movant files an untimely notice of appeal that is dismissed, the date the conviction becomes final for purposes of § 2255(f)(1) is not the date of that dismissal but is rather the original deadline for filing the notice of appeal. *See U.S. v. Buckles,* 647 F.3d 883, 889 (9th Cir. 2011) ("[i]f the one-year limitations period were made contingent on the resolution of a petitioner's attempt to file an untimely notice of appeal, a petitioner could indefinitely delay the commencement of the one-year period by simply waiting to file such notice until after the normal expiration date").

## ANALYSIS

Bello asserts ineffective assistance of counsel on several grounds: failure to file an appeal; failure to investigate completely; failure to challenge restitution order; failure to raise the issue of money seized from him; failure to articulate a defense; failure to inform him that counsel was not licensed to practice law in Idaho when he was hired; failure to file any pretrial motion; failure to inform him of the collateral consequences of a guilty plea; failure to explain the sentencing guidelines; and improperly advising him regarding likely sentencing outcomes. In his briefing, he further clarifies that the "collateral consequences of a guilty plea" of which he was not advised refer to immigration consequences and his likely removal from the country.

Each of these issues could have and should have been raised within the one-year limitation period for motions brought under § 2255. They were not. The applicable limitations period began to run on December 12, 2017, the original deadline for filing a notice of appeal. *Gilbert*, 807 F.3d at 1199. The one-year period therefore expired on December 12, 2018. Bello did not file this § 2255 action until January 14, 2019, more than a month after the deadline.

Bello argues that he is entitled to a later starting date for the limitations period under § 2255(f)(4), which would begin the limitations period on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." The Court disagrees for several reasons.

First, Bello asserts that his counsel failed to file an appeal on his behalf. At sentencing on November 27, 2017, Bello was advised that he had fourteen days to file an

appeal, a deadline that expired on December 12, 2017. By that date, Bello was aware, or at least should have been aware through due diligence, that his attorney had not filed an appeal as expected. He is therefore not entitled to any extension of the limitations period for that issue under § 2255(f)(4).

Next, Bello points to a variety of instances in which, he asserts, his counsel's conduct fell below the standard of effective assistance. In each of these cases, however, Bello knew, or should have known in the exercise of due diligence, about the conduct before sentencing. Once again, no extension is warranted.

Finally, Bello asserts that his counsel did not advise him of the collateral immigration consequences of a guilty plea. However, his plea agreement expressly states:

> I understand that, if I am not a citizen or naturalized citizen of the United States, by pleading guilty in this case it is virtually certain that I will be removed from the United States. I am satisfied with my attorney's advice and representation in this case.

*See Plea Agreement (U.S. v. Bello 1:16-cr-238-BLW (Dkt. No. 27))*. When Bello pled guilty, he stated that he had read and understood all parts of his plea agreement. *See Minute Entry (Dkt. No. 34)* ("Plea Agreement discussed, and Defendant understands the terms of the agreement"). Bello therefore knew or should have known of the collateral consequences of his plea on that day – June 14, 2017 – a date that does not make timely Bello's § 2255 motion.

For these reasons, Bello failed to file his motion in accord with the time limits of § 2255(f). The Court will therefore deny his motion and grant the motion to dismiss filed by the Government.

The Court will prepare a separate Judgment in accord with Rule 58(a) and *Kingsbury v. U.S.,* 900 F.3d 1147 (9th Cir. 2018)(holding that the requirement of Rule 58 for a separate Judgment applies to § 2255 cases).

**Certificate of Appealability**

In the event Bello files a notice of appeal from this decision, the Court now evaluates his claims to determine if a certificate of appealability (COA) – which is required before any appeal can proceed – should issue. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); Rule 11(a), Rules Governing Section 2255 Cases.

A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, under this standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, reasonable jurists could not debate whether Bello filed a timely motion. That analysis that his motion is untimely is clear and not subject to debate. For this reason, the Court will deny the certificate of appealability.

**ORDER**

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that Plaintiff Yahqub Bello's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (docket no. 1) is DENIED.

IT IS FURTHER ORDERED, that the Government's Motion to Dismiss (docket no. 3) is GRANTED and this case is DISMISSED with prejudice. The Clerk shall close this case.

IT IS FURTHER ORDERED, that the certificate of appealability under 28 U.S.C. § 2253 is DENIED.

DATED: August 6, 2019

_____
B. Lynn Winmill
U.S. District Court Judge